UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CASE NO. 2:03-Cr-136-FtM-29DNF |
| ARMANDO DONADO-BARBOSA, ANDRES COTE-BIELER, RODOLFO ABELLO, and LUIS BENT | : | |

## AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION

I, JAMES C. PRESTON, JR., being duly sworn, depose and say:

1. I am a citizen of the United States of America. I currently reside in the State of Florida.

2. I received the Degree of Juris Doctor from Villanova University in May 1983. I was admitted to the Bar of the State of Florida in January 1984.

3. From August 1989 to the present, I have been an Assistant United States Attorney for the Middle District of Florida. I am currently assigned as the Senior Litigation Counsel to the Narcotics Section of the United States Attorney's Office. My duties include the investigation and prosecution of persons charged with violating the laws of the United States. During my tenure in the Office of the United States Attorney, I have participated in numerous investigations and prosecutions involving alleged violations of the narcotics offenses of the United States. Based upon my training and experience, I am fully familiar with the criminal laws and procedures of this district and of the United States, as well as the extradition laws of the United States.

5. In my current assignment as an Assistant United States Attorney in the Narcotics Section, I am particularly knowledgeable in the area of law relating to violations of the federal narcotics statutes. I am responsible for the prosecution of the suspected criminal activities of ARMANDO DONADO-BARBOSA, ANDRES COTE-BIELER, RODOLFO ABELLO, and LUIS BENT who are Colombian citizens. I am familiar with the felony charges in the case of <u>United States v. ARMANDO DONADO-BARBOSA, ANDRES COTE-BIELER, RODOLFO ABELLO, and LUIS BENT</u>, Case No. 2:03-Cr-136-FtM-29DNF, as well as the files of the United States District Court, Middle District of Florida, and the United States Attorney's Office, Middle District of Florida, regarding this matter. Most of the actions taken by ARMANDO DONADO-BARBOSA, ANDRES COTE-BIELER, RODOLFO ABELLO, and LUIS BENT in this case took place subsequent to December 17, 1997, and their participation in the charged conspiracy continued well beyond that date.

## I. The Grand Jury Process

6. Under the laws of the United States, a criminal prosecution may be commenced by a grand jury on its own decision to return and file an indictment with the Clerk of the United States District Court. A grand jury is composed of at least sixteen (16) people whom the United States District Court selects at random from the residents of the Middle District of Florida. The grand jury is part of the judicial branch of the United States Government.

7. The purpose of the grand jury is to view the evidence of crimes presented to it by United States law enforcement authorities. After independently viewing this evidence, each member of the grand jury must determine if there is probable cause to

believe that a crime has been committed, and that the particular defendant committed the crime. A grand jury returns an indictment when at least twelve (12) grand jurors have voted in favor of an indictment. An indictment is a formal document that charges the defendant with a crime or crimes, describes the specific laws that the defendant is accused of violating, and describes the acts of the defendant that are alleged to be violations of the law. After the grand jury returns the indictment, a warrant for the defendant's arrest is issued by a United States Magistrate Judge.

## II. The Charges and Pertinent United States Law

8. On December 30, 2003, a federal grand jury sitting in Tampa, Florida, returned an Indictment, under seal, formally charging ARMANDO DONADO-BARBOSA, ANDRES COTE-BIELER, RODOLFO ABELLO, and LUIS BENT with conspiracy to import into the United States, from places outside thereof, five kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 952(a), 963, and 960 (b)(1)(B)(ii) (Count One). Pages 2-3 of the Indictment contain forfeiture allegations against ARMANDO DONADO-BARBOSA, ANDRES COTE-BIELER, RODOLFO ABELLO, and LUIS BENT. These allegations are authorized by Title 21, United States Code, Sections 853 and 970.

9. At the time of the return of the Indictment it was placed under seal, meaning that the return of the Indictment or the issuance of the arrest warrants could not be disclosed except as necessary for the issuance and execution of a warrant or in furtherance of an extradition proceeding. The sealing order provides that the Indictment will become unsealed upon the arrest of any defendant named in the

Indictment. To date, the Indictment remains under seal. The arrest warrants remain valid and executable.

10. The portions of the statutes that are relevant to this case are annexed to this Affidavit as Exhibit A. Each of these statutes was duly enacted and in force at the time the offenses were committed and at the time the indictment was returned. They remain in full force and effect. A violation of any of these statutes constitutes a felony under the laws of the United States. Cocaine is a controlled substance, pursuant to Title 21, United States Code, Section 812.

11. I have also included as part of Exhibit A the true and accurate text of Title 18, United States Code, Section 3282, which is the statute of limitations for the crimes charged in the indictment. The statute of limitations requires that the defendant be formally charged within five years of the date on which the offense or offenses were committed. Once an indictment has been filed in a federal district court, as with the charges against ARMANDO DONADO-BARBOSA, ANDRES COTE-BIELER, RODOLFO ABELLO, and LUIS BENT, the statute of limitations is tolled and no longer runs. The reason for this is to prevent a criminal from escaping justice by simply hiding out and remaining a fugitive for a long period of time.

12. I have thoroughly reviewed the applicable statute of limitations. Since the applicable statute of limitations is five years, and the indictment, which charges criminal violations occurring from an unknown date through up to and including at least December, 2001, the defendant was formally charged within the prescribed five-year time period. The prosecution of the charges is therefore not barred by the statute of limitations.

13.     It is the practice of the United States District Court for the Middle District of Florida to retain the original indictment and arrest warrant, and to file them with the Clerk of the Court.  I have, therefore, obtained a certified true and correct copy of the indictment from the Clerk of Court, and have attached it to this Affidavit as Exhibit B.  I have attached a certified true and correct copy of the arrest warrants as Exhibit C.

14.     Count One of the Indictment charges ARMANDO DONADO-BARBOSA, ANDRES COTE-BIELER, RODOLFO ABELLO, and LUIS BENT, and others with conspiracy to import five kilograms or more of cocaine into the United States, from places outside thereof, in violation of Title 21, United States Code, Section 963.

15.     The object of the conspiracy charged in the Indictment, is the importation of five kilograms or more of cocaine, a schedule II controlled substance, into the United States, in violation of Title 21, United States Code, Section 952.

16.     Under United States law, the act of combining and agreeing with one or more persons to violate a law of the united States is a crime in and of itself.  Such an agreement need not be formal, and may be simply an oral understanding.  A conspiracy is deemed to be a partnership for criminal purposes, in which each member or participant becomes the agent or partner of every other member a person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the conspirators.  So if a defendant has an understanding of the unlawful nature of a plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict him of conspiracy even if he had not participated before and even if he played only a minor part.

In order to convict ARMANDO DONADO-BARBOSA, ANDRES COTE-BIELER, RODOLFO ABELLO, and LUIS BENT of the felony charges in the indictment, the United States must prove at trial that defendant came to an agreement with one or more persons to accomplish a common and unlawful plan, and that defendant knowingly and willfully became a member of such conspiracy.

17. Warrants for the arrests of ARMANDO DONADO-BARBOSA, ANDRES COTE-BIELER, RODOLFO ABELLO, and LUIS BENT, were issued for the offenses charged in the Indictment. It is the practice in the Middle District of Florida for a duly-authorized deputy clerk to sign and issue arrest warrants and retain the originals.

18. The charges against ARMANDO DONADO-BARBOSA, ANDRES COTE-BIELER, RODOLFO ABELLO, and LUIS BENT were brought as a result of an investigation by the United States Bureau of Immigration and Customs Enforcement (BICE) and other law enforcement agencies.

## SUMMARY OF THE CASE

19. Attached is the sworn statement of Special Agent Rafael Diaz of the United States Immigration and Customs Enforcement (ICE). It is established through sworn testimony that ARMANDO DONADO-BARBOSA, ANDRES COTE-BIELER, RODOLFO ABELLO, and LUIS BENT and others are members of a cocaine smuggling organization responsible for shipping and transporting significant amounts of cocaine from Colombia, South America to the Middle District of Florida and elsewhere.

20. In furtherance of his involvement in this criminal activity, ARMANDO DONADO-BARBOSA, with others, would secure large amounts of cocaine, arrange

transportation for the cocaine to the United states and elsewhere, and distribute the cocaine through United States based traffickers, and others.

21.     In furtherance of his involvement in this criminal activity ANDRES COTE, with others, would secure large amounts of cocaine, arrange transportation for the cocaine to the United States and elsewhere, and distribute the cocaine through United States based traffickers, and others.

22.     In furtherance of his involvement in this criminal activity RODOLFO ABELLO, with others, would secure large amounts of cocaine, arrange transportation for the cocaine to the United States and elsewhere, and distribute the cocaine through United States based traffickers, and others.

23.     In furtherance of his involvement in this criminal activity, LUIS BENT traveled on various occasions, as a pilot or crewmember, aboard vessels carrying cocaine to rendezvous points where United States based individuals would secure the cocaine for transportation to the Middle District of Florida.  On two occasions Luis Bent entered the United States in connection with his smuggling activities and was assisted in returning to Colombia by other members of the importation scheme.

24.     As noted above, I have attached to this affidavit as Exhibit D the affidavit of Special Agent Rafael Diaz, Bureau of Immigration and Customs Enforcement.  This affidavit was sworn to before a United States Magistrate Judge for the United States District Court for the Middle District of Florida who is duly and legally-authorized to administer an oath for this purpose.  I have thoroughly reviewed the statements and the attachments to them and attest that this evidence indicates that ARMANDO DONADO-BARBOSA, ANDRES COTE-BIELER, RODOLFO ABELLO, and LUIS BENT each is

guilty of the offense in the Indictment. Therefore, on behalf of the United States of America, I am respectfully requesting the extradition of ARMANDO DONADO-BARBOSA, ANDRES COTE-BIELER, RODOLFO ABELLO, and LUIS BENT, on the Indictment.

JAMES C. PRESTON, JR.
Assistant United States Attorney

Sworn to and subscribed before me this 9 day of September, 2004

~~MARK A. PIZZO~~ Mary S. Scriven
United States Magistrate Judge

cc: AUSA
sw