UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:03-cr-136-FtM-29DNF

ANDRES COTE-BIELER
ARMANDO LUIS DONADO-BARBOSA
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendants' Joint Motion for Reconsideration of the Amount of Sentence Reduction Pursuant to Fed. R. Crim. P. 35(b) and Request for Hearing (Doc. #166) filed on February 12, 2009. The government has not filed a response, and the time to do so has expired.

    On December 22, 2008, the government filed a Motion by the United States for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Doc. #156) as to defendant Andres Cote-Bieler seeking a two-level downward departure based upon his substantial assistance in the case of <u>United States v. Ivan Gonzalez-Bajarano</u>, Case No. 8-06-cr-297. On January 8, 2009, the Court entered an Order (Doc. #159) granting the government's motion, and reducing defendant Cote-Bieler's sentence to 108 months imprisonment, the low end of the Sentencing Guidelines range after a two-level downward departure. The Amended Judgment (Doc. #162) was filed on January 9, 2009.

    Also on December 22, 2008, the government filed a Motion by the United States for Reduction in Sentence Pursuant to Fed. R.

Crim. P. 35(b) (Doc. #157) as to defendant Armando Luis Donado-Barbosa seeking a two-level downward departure based upon his substantial assistance in the case of United States v. Ivan Gonzalez-Bajarano, Case No. 8-06-cr-297.  On January 8, 2009, the Court entered an Order (Doc. #160) granting the government's motion, and reducing defendant Donado-Barbosa's sentence to 108 months imprisonment, the low end of the Sentencing Guidelines range after a two-level downward departure.  The Amended Judgment (Doc. #163) was filed on January 9, 2009.

On February 12, 2009, defendants Cote-Bieler and Donado-Barbosa filed their joint motion for reconsideration (Doc. #166). The motion for reconsideration asserts that counsel have never seen a more "miserly Rule 35 motion" and that the Court should have waited to hear from defendants before granting the motion.  While it seems unlikely that the resulting sentence was as "miserly" as defendants suggest[1], the motion for reconsideration is untimely. A motion for reconsideration of a Rule 35 motion must be filed within ten days of the order.  United States v. Russo, 760 F.2d 1229 (11th Cir. 1985); United States v. Vicaria, 963 F.3d 1412, 1413-14 (11th Cir. 1992).  Since the motion for reconsideration was

---

[1] The trial judge in the Ivan Gonzalez-Bejarano case recently granted a Rule 35(b) motion reducing the sentence of Angel Antonio Avila Quinones to 121 months imprisonment.  In doing so, the trial judge noted the recent reductions to 108 months for defendant Donado-Barbosa "another defendant immeasurably more culpable than Quinones" and Cote-Bieler, a defendant "more culpable by far than Quinones . . ."  (Case No. 8:00-cr-57-T-23TBM, Doc. #445, Feb. 5, 2009.)

filed 34 days after the amended judgment reducing the sentences, it is untimely.

Accordingly, it is now

**ORDERED:**

The Joint Motion for Reconsideration of the Amount of Sentence Reduction Pursuant to Fed. R. Crim. P. 35(b) and Request for Hearing (Doc. #166) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of March, 2009.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record